[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
These two petitions were heard at the same time because the parties were the same even though the issues were different. CT Page 3604
The petitioner brings the petition, CV-99-0594024, for a writ of habeas corpus alleging that he had a "bottom bunk" pass for six years during his incarceration and now has had the pass revoked even though his medical condition has not improved.
The petitioner testified that for the eleven (11) years of incarceration he has always had a bottom bunk until his pass was revoked. See Petitioner's Exhibits 3, 4 and 5. Since then he has had to sleep on the floor twice. He plays handball, works out and has a job mopping floors, and does go up and down stairs. He has not been to sick call for six months but does take prescription Motrin for pain. He will be released from confinement in five (5) months.
Erin Dolan, a nurse at MacDougall C.I., had the petitioner's health records and she has known him for some time during his confinement at MacDougall and Northern. The record indicate that he was diagnosed with a chronic knee complaint on September 17, 1997 and he was issued a "bottom bunk" pass. See Respondent'sExhibit B. p. 70. The pass was revoked on January 27, 1999 when a videotape of his activities was made available and he refused to have an x-ray and examination of his right knee. SeeRespondent's Exhibit B. p. 3.
The court must find that the complaint of the petitioner of a right knee disability has not been proved by virtue of the petitioner's refusal to cooperate with the medical staff to adequately establish it and his continued participation in activities such as hand ball which disproves it.
The petitioner brings the petition, CV-99-0594025, for a writ of habeas corpus alleging that he has been denied his First Amendment right to receive published materials.
The petitioner testified that "Modern Primitives" is an anthropological publication which the book review committee rejected as jeopardizing legitimate penological interests. The petitioner has appealed this rejection up to and including the Complex Warden. See Petitioner's Exhibit 1. The petitioner claims that the photography in the book is no different than that of National Geographic when depicting African and South American tribes.
John F. O'Neill, a member of the Book Review Committee, and CT Page 3605 supervisor at MacDougall's program and service area testified that the committee reviewed the book and found that it violated Directive 10.7 (4.M.1.) In that it depicted sexually explicit material which was sado-masochistic and posed a threat or detriment to the security, good order and discipline of the facility. He admitted that he had returned the book to the sender prior to this hearing. He described the book as depicting the male and female genitalia and the female breasts as being pierced by hooks and women being suspended by hooks piercing their breasts. He noted that the genitalia was displayed in other mutilation. The committee felt such depictions would result in the breakdown of penological order and might result in the imposition of such sado-masochistic acts on members of the population.
The petitioner did not deny the book contained such depictions but questioned O'Neill if he had not seen on television "McGuinness Book of Records" depicting hooks placed through the flesh of the backs of humans or seen at MacDougall the magazine "Penthouse" with photographs of males and females with exposed genitalia. O'Neill's response was in the negative and he believed such material, if known, would not have been permitted.
The court must find that the publication was intended to appeal to the viewer's sado-masochistic feelings and that the title "Modern Primitives" dispelled any attempt to have anthropological value. The court is not warranted in setting aside the decisions of prison administrators that have some basis in fact. Superintendent v. Hill, 472 U.S. 445, 456.
For the above reasons the petitions are dismissed.
Thomas H. Corrigan, Judge Trial Referee